WAITRESSES' UNION, LOCAL NO. 249, et al. v. BENISH RESTAURANT CO., Inc.

(Circuit Court of Appeals, Eighth Circuit. June 4, 1925.)

No. 6732.

Injunction. ☞101(2)—Peaceful picketing of place of business, where there was no dispute between employer and employees or strike, enjoined.

Where there was no dispute between restaurant corporation and its employees, and there had been no strike since business was purchased by present owner over two years before, peaceful picketing of restaurant by members of labor union violated corporation's property right, under Clayton Act, § 20 (Comp. St. § 1243d), and order enjoining such picketing did not violate act.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by the Benish Restaurant Company, Inc., against the Waitresses' Union, Local No. 249, and others. Decree for plaintiff, and defendants appeal. Affirmed.

Edward W. Foristel, James T. Roberts, and H. B. Cox, all of St. Louis, Mo., for appellants.

Harry E. Sprague, Barney L. Schwartz, and Thomas J. Cole, all of St. Louis, Mo., for appellee.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This appeal brings up for review an order granted the Benish Restaurant Company, a corporation of Delaware (hereinafter called the "Benish Company"), a temporary injunction against Waitresses' Union, Local No. 249,

and Ethel Rouhr, its president, Kitty Amsler, its secretary and business manager, Mollie Cole and Viola Johnson, defendants and members of said union, from the peaceful picketing of complainant's place of conducting its restaurant. The proofs disclosed in the year 1921 there were two Benish corporations, one a restaurant company and the other a baking company, one incorporated under the laws of the state of Missouri and the other under the laws of the state of Delaware; that in that year there was a strike in said places of business, but that thereafter said corporate concerns had sold out to the Benish Company, complainant herein; that at the time the picketing was done, enjoined by the order sought to be reviewed in this case, there was no strike on among the employés of the present Benish Company nor was there any ground or reason for any such strike of the employés shown. There is no dispute between the company and its employés, nor had there been any strike among the employés of the present company since it had been formed or had engaged in business; and there had been no strike in existence for more than two years among the employés of either of the Benish corporations that had sold out to the present company.

Under this state of the proofs the trial court held that the right of the Benish company to keep its business running free from molestation or interference by parties seeking to injure it and its business through an unlawful confederacy or conspiracy between two or more third parties is a property right, under section 20 of the Clayton Act (Comp. St. § 1243d), and that an order enjoining what is called peaceful picketing by members of a labor union under such circumstances is not in violation of the terms of the Clayton Act. In this view of the law the trial court was clearly right. See Duplex Co. v. Deering, 254 U. S. 443, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196; Kinloch Telephone Co. v. Local Union No. 2 (C. C. A.) 275 F. 241; Quinlivan v. Dail-Overland Co. (C. C. A.) 274 F. 56, and many other cases.

It follows the temporary order appealed from was right, and, being right, must be affirmed.